UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
MONTFORD OWENS,

        Plaintiff,

  against

THE CITY OF NEW YORK
NEW YORK CITY DEPARTMENT OF SANITATION

        Defendants.
------------------------------------------X

___ CIV. _____ ( )

CIVIL ACTION
**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

**TAKE NOTICE**, the Plaintiff, MONTFORD OWENS, hereby appears in this action by his attorney, **OSITA EMMANUEL OKOCHA** of the LAW OFFICES OF OSITA OKOCHA, P.C., and demands that all papers be served upon him in this matter at the address below.

Plaintiff, MONTFORD OWENS, by his attorney, OSITA OKOCHA, ESQ., complaining of the defendants, THE CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF SANITATION, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action under Title 42 U.S.C. § 2000e et. seq. and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, sex, national origin, hostile work environment, retaliation and breach of contract.

## JURISDICTION

2. The action arises under Title VII of Civil Rights Act 1964 (42 U.S.C.) and 42 U.S.C. § 1981 as hereinafter more fully appears. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy and/or are so related to the claims.

**PARTIES**

3. Plaintiff, MONTFORD OWENS ("Plaintiff") is a citizen and a resident of the State of New York. Plaintiff is a male African American/Black Origin and formerly employed by the New York City Department of Sanitation.

4. That at all relevant times, Defendants are Governmental body and/or Agencies. The Defendant, The City of New York is a municipal corporation in the State of New York.

5. The defendant New York City Department of Sanitation is a City Agency and is responsible for the promulgation, administration, and enforcement of policies, hiring and training of his employees and prevention of Discrimination in work places which is the subject of this lawsuit.

**CONDITIONS PRECEDENT**

6. All conditions precedent to jurisdiction have occurred or been complied with: charges of discrimination were filed with the Equal Employment Opportunity Commission within three hundred days of the

acts complained of herein and plaintiffs' complaint is filed within ninety days of plaintiffs' receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letters.

## FACTS

7. Plaintiff, an African American and Black origin, was employed by the New York City Department of Sanitation from about April 16, 2001 to about December 22, 2014 when he was unlawfully terminated or rather in a pre-signed resignation (last Chance Agreement) that was forcefully, unreasonably and illegally imposed. Plaintiff was hired and worked as a Sanitation Worker which office was located at Queens Eastern Garage also known as Rodney Page Garage, 130-23 150 Avenue, Jamaica, NY 11430.

8. The Plaintiff has the qualification for this job which required High School Diploma or GED and Commercial Drivers License (CDL) Class B license with air brake and tanker endorsement. Plaintiff was employed by the defendants, and he performed his job creditably and exemplarily in the respective duties.

9. That on or about November 22, 2014 Plaintiff had called in sick on or about 5.15 a.m. The Garage Supervisor asked him, what he was calling sick for and he told him that he had stomach upset and diarrhea symptoms. Plaintiff went back to sleep and the Medical division of the Job called Plaintiff's house at about 8.55 a.m., the same day and they ordered Plaintiff to come for random test. They told Plaintiff he had to be at the clinic by two hours.

Plaintiff told them that because of his condition, that it will be difficult to make it in two hours. He was told that if he is not there within the time frame that he will be suspended. Then after that Plaintiff was suspended. They refused to give him a test which is breathalyzer. They should have given Plaintiff a test. Plaintiff had done about at least 22 tests in a two year span and every time it all registered zero. Plaintiff only had eight days left out of the two years last chance agreement. Then Plaintiff went to the Union office to explain to them that he had nothing to hide and that was why he came. After that, about a week later they sent him a letter about forced resignation. He also went to the Union (Union 831 - Teamsters Local 831) to file a grievance. Plaintiff talked directly with the Union President, Harry Nespoli (25 Clift Street, New York, NY 10038 - Tel: 212 964 8900 and Fax: 212 964 6470). They refused him to file a grievance.

10. Plaintiff filed for unemployment and they denied him twice. Plaintiff requested for a hearing in front of a State Judge. Plaintiff believed that about 4 people testify against him and the Administrative Judge rule in his favor. Sanitation appealed it and lost. Plaintiff believed and felt that if they had seriously believed and thought he had alcohol, they would have given him the test. Plaintiff went 2 years with zero alcohol and there was no reason not to test the moment he showed up. They never gave him any internal hearing and therefore an abuse of his Constitutional

due process right. Plaintiff felt he was treated differently because of his race and the fact that he is black. Plaintiff had only 8 days left and he was dismissed for the wrong reason. I was sick.

11. The first incident that occurred, Plaintiff was already out of work from a job related injury. He came in for a scheduled appointment and during being check out from the injury, he had alcohol in his system from the previous night, they asked him was he drinking and he told them so. They gave him a breathalyzer and the blood alcohol level was only 0.37. In fact with a CDL license 0.04 or higher is considered DWI. A regular license is 0.800. That was the reason why he was not suspended. He was unaware that was considered a strike and the date of the incident was June 4, 2012. The Second incident was October 24, 2012. He was suspended and it registered 0.049 which for a CDL license may not be great. He was suspended for 2 weeks instead off 30 days which is different for everyone he knows. Then November 20, 2012, he was not on full duty for any penalty. Plaintiff's last day at the job was November 28.

12. They had already written a complaint that he never showed up, probably contemplating that he wouldn't show up. He was told that if he did not show up that day he would only be suspended. The EEO documents would show that he forced out of his job.

13. Plaintiff was shocked and horrified by the way Defendants treated his case differently and as a result he suffered emotional

distress.

14. Rather than addressing the problems, the employers unjustifiable terminated his employment.

**COUNT I: VIOLATION OF TITLE VII, 42 U.S.C. § 2000(e) *et. seq.***

15. Plaintiff repeats and realleges each and every allegation here-in-above contained.

16. The Defendants conduct have been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the protected rights of Plaintiff.

17. Defendants intentionally discriminated against plaintiff in connection with terms, conditions and privileges of employment or limited, segregated or classified plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect his status because of his race, sex, color and national origin in violation of Title VII.

18. Defendants intentionally classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non Black employees similarly situated, in violation of Title VII.

19. The above-described hostile environment and discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with plaintiff's emotional and physical well-being.

20. As a result of the hostile and offensive work environment

perpetrated by defendants plaintiff suffered humiliation, emotional distress, and physical pain. As a direct and proximate result of Defendants discriminatory tendencies he has suffered damages, including but not limited to emotional distress, damage to her reputation, anxiety, headache, chest pain, insomnia, humiliation, and loss of enjoyment of life.

**COUNT II: DEFENDANTS' RACE, SEX, COLOR, AND NATIONAL ORIGIN DISCRIMINATION AGAINST PLAINTIFF IN VIOLATION OF 42 U.S.C. § 1981.**

21. Plaintiff repeat and realleges each and every allegation here-in-above contained.

22. Plaintiff alleges that defendant discriminated and retaliated against him on the basis of race, sex, color and national origin with malice or with reckless indifference to his Federal-protected rights.

23. Plaintiff allege that defendants, in furtherance of it's policy and practice, violated plaintiff's rights to be free from discrimination in making and enforcement of contracts and employments on the basis of race, sex, color and national origin in violation of 42 U.S.C. § 1981. The Defendants breached the terms on the Plaintiff's employment Contract and more particularly the last chance agreement.

24. Plaintiff has been damaged and has suffered severe emotional distress as a result of the discriminations alleged herein.

**COUNT III: VIOLATION OF TITLE VII, 42 U.S.C. § 2000(e) *et. seq.* RETALIATION AND QUID PRO QUO AND HOSTILE WORK ENVIRONMENT**

25. Plaintiff repeat and realleges each and every allegation here-in-above contained.

26. Plaintiff was subjected to unwelcome, harassing and discriminatory conduct during his employment with defendants.

27. Plaintiff filed a complaint with EEOC, which defendant was otherwise aware, of the harassing and discriminatory conduct, but defendants failed to take any appropriate corrective action or to recall back to work plaintiff.

28. This hostile, harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

29. Defendants were aware of the hostile work environment and acquiesced in the environment. Defendants were even notified by written complaints and no effective official action was taken to change the atmosphere in the office or to properly investigate plaintiff's complaints.

**COUNT IV: RETALIATION, HARASSMENT AND HOSTILE WORK ENVIRONMENT**

30. Plaintiff repeats and realleges each and every allegation here-in-above contained.

31. Plaintiff was a victim of retaliatory conduct on the part of defendants.

32. Each said act of retaliation is in violation of Title VII of

the Civil Rights Act of 1964.

33. As a direct and proximate result of the defendants' willful, knowing, and intentional discrimination and retaliation against plaintiff, plaintiff has suffered and will continue to suffer pain, humiliation, emotional distress, loss of employment and monetary damages. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

34. As a further direct and proximate result of defendants' violation of Title VII of the Civil Rights Act of 1964, as described, plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to plaintiff.

35. Plaintiff is informed and believes, and based thereon alleges, that the defendants' conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of plaintiff. By reason thereof, plaintiff is entitled to punitive or exemplary damages from the defendants in a sum according to proof at trial.

**DAMAGES**

36. As a result of the discriminatory conducts of Defendants

described hereinabove, Plaintiff seeks the following damages from Defendant:

a.  Back pay and benefits to which plaintiff would have been entitled to from November 22, 2014 till the determination of the suit;

b.  Front pay and benefits that plaintiff would have been entitled to from the determination of this suit to such a time as the Court may deem just to make his whole;

(c) Compensatory damages including physical pain, emotional distress and humiliation, past and future; and past and breach of contract;

(d) Punitive damages to punish the defendants for their willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

(e) All reasonable and necessary attorneys' fees and costs incurred by or on behalf of plaintiff;

(f) Pre-judgment and post-judgment interests; and

(g) Any and all other relief to which he may be entitled.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff, MONTFORD OWENS, respectfully prays that defendants, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for plaintiff against defendants as claimed herein, and

for such other and further relief to which the plaintiffs may be entitled at law or in equity.

Dated:   October 30, 2015
         Queens, New York

                              Respectfully Submitted

                              *[signature: Osita E. Okocha]*

         By:   OSITA EMMANUEL OKOCHA
               Attorney at Law
               **LAW OFFICES OF OSITA OKOCHA, P.C.**
               88-14 Sutphin Blvd, 2nd Floor
               Jamaica, New York 11435
               Tel. No.: (718) 297-1450
               Fax No.: (718) 297-1460
               E-mail.: LAWOSSY@aol.com

## VERIFICATION

State of New York   )
                            ss:
County of Queens  )

MONTFORD OWENS, being duly sworn, deposes and says that I am the Plaintiff in the within action and that I have read the foregoing COMPLAINT and knows the contents thereof; the same is true to the best of my knowledge except as to those matter stated to be upon information and belief and as to those matters I believe them to be true.

*[signature]*
MONTFORD OWENS

Sworn to before me this
30 day of October, 20 15

*[signature]*
Notary Public

Osita E. Okocha
Notary Public State of New York
Lic. #02OK6021809
Comm. Exp. 3-22-2019
Commission In Queens County