

ZACHERY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

NATALIE S. MARCUS
Tel.: (212) 356-2629
Fax: (212) 356-2439
nmarcus@law.nyc.gov

April 5, 2016

**By ECF**
Honorable Carol B. Amon
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Owens v. The City of New York, et al., 15 CV 6445 (CBA)(SMG)

Dear Judge Amon:

    I am an Assistant Corporation Counsel in the office of Zachery W. Carter, Corporation Counsel for the City of New York, attorney for defendants in the above captioned action. Defendants respectfully request a pre-motion conference to discuss defendants' anticipated motion to dismiss all of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6).

    Plaintiff, a former employee of the New York City Department of Sanitation, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 alleging that defendants subjected him to retaliation, a hostile work environment, and discriminated against him on the basis of his race, gender and national origin. He also alleges some sort of a breach of contract.

### A. Plaintiff Failed to Effect Timely Service of Process Upon Defendants

    Plaintiff filed the Complaint on November 10, 2015. Dkt. No. 1. Under the current version of Rule 4(m), which went into effect on December 1, 2015, plaintiff must serve the Complaint within 90 days of filing. Under the prior version of the Rule, plaintiff was required to serve the Complaint within 120 days of filing. Plaintiff has failed to timely serve the Complaint under either version of Rule 4(m). Defendants were served with the Complaint on March 17, 2016. Under the 120-day rule, the last day for timely service was March 9, 2016 and under the 90-day rule, the last day of service was February 8, 2016. Accordingly, the Complaint should be

HONORABLE CAROL B. AMON
United States District Judge
Owens v. City of New York, et al.
15 Civ. 6445 (CBA)(SMG)
April 5, 2016
Page 2

dismissed in its entirety. *See Fowler v. City of New York*, 13-CV-2372 (KAM)(RML), 2015 U.S. Dist. LEXIS 171729, *22 (E.D.N.Y. Dec. 23, 2015) (dismissing individual defendants because plaintiff failed to timely serve them and noting that "if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if it means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits.").

### B. Plaintiff Failed to State a Hostile Work Environment Claim Under Title VII

To establish a claim for a hostile work environment under Title VII, plaintiff must establish that (1) defendant's conduct was so objectively severe or pervasive as to create an environment that a reasonable person would find hostile and abusive, (2) plaintiff subjectively perceived the environment to be hostile or abusive, and (3) defendant created this environment because of a plaintiff's protected status. *See Patane v. Clark,* 508 F.3d 106, 113 (2d Cir. 2007). A hostile work environment claimant must satisfy both objective and subjective elements: "the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive the environment to be abusive." *Ferraro v. Kellwood Co.*, 03 Civ. 8492 (SAS), 2004 U.S. Dist. LEXIS 23482, *22 (S.D.N.Y. Nov. 18, 2004), *aff'd* 440 F.3d 96 (2d Cir. 2006).

The Complaint fails to allege any conduct suggesting that plaintiff worked in an environment that a reasonable person would find hostile or abusive or allege any facts demonstrating that defendants created this environment because of plaintiff's race, gender, or national origin. The allegation that the "[t]his hostile, harassing, and discriminatory conduct was sufficiently severe and pervasive so as to…create an intimidating, hostile and offensive working environment, Compl. ¶ 28, is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (holding "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a causes of action's elements, supported by mere conclusory statements.")

### C. Plaintiff Failed to State a Retaliation Claim Under Title VII or 42 U.S.C. § 1981

"Retaliation claims under Title VII and § 1981 are both analyzed under the *McDonnell Douglas* burden-shifting evidentiary framework." *Littlejohn v. City of New York,* 795 F.3d 297, 315 (2d Cir. 2015). To survive a motion to dismiss, a complaint must allege: "participation in a protected activity; (2) that defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id.* The Complaint fails to allege any facts supporting a retaliation claim. The Complaint, at ¶ 31, merely alleges that "Plaintiff was a victim of retaliatory conduct on the part of defendants." *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (holding where complaint failed "to state with even a modicum of specificity when the

**HONORABLE CAROL B. AMON**
United States District Judge
Owens v. City of New York, et al.
15 Civ. 6445 (CBA)(SMG)
April 5, 2016
Page 3

relevant events occurred" these "conclusory allegations are simply too vague in nature and non-specific as to time…to serve as a basis for her retaliation claims.").

### D. Plaintiff Failed to State a Discrimination Claim Under Title VII or 42 U.S.C. § 1981

Plaintiff's disparate treatment claim under Title VII and § 1981 "is subject to the burden-shifting evidentiary framework set forth in *McDonnell Douglas*." *Littlejohn*, 795 F.3d at 312. Under Title VII, "[a]bsent direct evidence of discrimination, a plaintiff must allege facts that give 'plausible support' to show that 'he is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the position that the employer was motived by a discriminatory intent.'" *Berlyavsky v. N.Y. City Dep't of Envlt. Prot.*, 14-cv-3217 (KAM)(RER), 2015 U.S. Dist. LEXIS 133647, *24-25 (E.D.N.Y. Aug. 28, 2015) (quoting *Littlejohn*, 795 F.3d at 311). Here, the Complaint fails to provide "at least minimal support" for plaintiff's contention that defendants were motivated by discriminatory intent. Moreover, "[w]hen a defendant sued for discrimination under § 1981…is a municipality, the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Littlejohn*, 795 F.3d at 314. Plaintiff has failed to make such an allegation.

### E. Plaintiff has Failed to State a Breach of Contract Claim

Plaintiff's breach of contract claim must be dismissed because "New York law requires that breach of contract claims [against public employers] be brought by article 78 proceedings." *Elston v. Vergersky and The City of New York*, 15-cv-91 (CBA)(MDG), March 29, 2016, Dkt. No. 21 at 15 (internal quotations omitted.). Furthermore, plaintiff has missed Article 78's four-month statute of limitations. *See* N.Y. C.P.L.R. § 217(1).

### F. The New York City Department of Sanitation is not a Suable Entity

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. Therefore, the Department of Sanitation lacks the capacity to be sued and the claims against it must be dismissed.

For the foregoing reasons, defendants respectfully request that the Court hold a pre-motion conference. Thank you for your consideration of this request.

**HONORABLE CAROL B. AMON**
United States District Judge
Owens v. City of New York, et al.
15 Civ. 6445 (CBA)(SMG)
April 5, 2016
Page 4

                                                                       Respectfully submitted,

                                                                        /s/Natalie S. Marcus
                                                                           Natalie S. Marcus
                                                                Assistant Corporation Counsel

CC:    Osita Okocha
          (By ECF)